E-FILED
Monday, 24 August, 2026 01:21:44 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **MICHAEL FARLEY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-3069** |
| | ) | |
| **BRITTANY GREENE *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Michael Farley, an inmate at Big Muddy Correctional Center, has filed Motions for an Extension of Time (Doc. 22), for Leave to File an Amended Complaint (Doc. 23), to Request Counsel (Doc. 30), and for Jane Doe Discovery (Doc. 31). Defendant Travis Cooley has filed Motions to Substitute Attorney (Doc. 25), Stay Answer (Doc. 27), and Stike or Deny (Doc. 32) Plaintiff's Motion for Jane Doe Discovery.

## I. Background

Plaintiff filed a Complaint (Doc. 1), alleging constitutional violations that allegedly occurred during his imprisonment at Western Illinois Correctional Center ("Western"). Following screening, the Court determined that Plaintiff stated an Eighth Amendment deliberate indifference to serious medical need claim against Defendant John Doe Intake Nurse, for ignoring Plaintiff's serious medical needs on March 4, 2023, and an Eighth Amendment failure-to-protect claim against Defendant Corrections Sergeant Cooley based on Plaintiff's assertion that he repeatedly asked Cooley to move him away from

his roommate, to no avail and a separate Eighth Amendment claim against Cooley for verbal threats. (Doc. 17 at 9:4.)

## II. Extension of Time and Motion for Leave to File an Amended Complaint

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the court accepts the factual allegations as accurate and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff's amendment seeks to add additional facts, parties, claims, and exhibits to his initial complaint. (Doc. 23-1 at 6.)

### C. Analysis

Plaintiff's Motion for Extension of Time (Doc. 22) to File an Amended Complaint is granted. However, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 23) is denied.

The Court does not accept piecemeal amendments to pleadings as Plaintiff's amended pleading purports to accomplish. Any amended pleading must stand

independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must succinctly specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . .'") (quoting Fed. R. Civ. P.8(a)).

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

## III. The Parties' Remaining Motions

### A. Substitution

Defendant Cooley's Motion to Substitute Attorney (Doc. 25) is granted. The Court directs the Clerk of the Court to terminate Assistant Attorney General Jennifer Powell as attorney of record for Cooley, who Assistant Attorney General McKenna Plotner now represents.

**B. Stay**

Defendant Cooley's Motion to Stay Answer (Doc. 27) is denied. Cooley shall file his Answer to Plaintiff's Complaint (Doc. 1) by September 11, 2026.

**C. Counsel**

In denying Plaintiff's initial Motion for Counsel (Doc. 7), the Court concluded that the recruitment of counsel at this early stage of the proceedings was not warranted, as the Court would enter a scheduling order after Defendant Cooley files his Answer that will provide guidance and deadlines to assist Plaintiff during the discovery process. Plaintiff's current Motion for Counsel does not alter the Court's determination. Therefore, Plaintiff's Motion for Counsel (Doc. 30) is denied.

**D. Discovery**

Plaintiff's Motion for Discovery to determine the identity of Defendant Jane Doe is denied as premature. As earlier indicated, after Defendant Cooley files his Answer, the Court will enter a Scheduling Order that will open discovery for six months and direct Plaintiff to provide any information he has to defense counsel to help identify Defendant Doe, such as height, weight, eye color, race, and the timeframe or shift when the alleged constitutional violation occurred. In turn, the Court's Scheduling Order will direct Defendant Cooley to provide the identity of Defendant Doe or any information relevant to assist Plaintiff in identifying Defendant Doe.

Consequently, Defendant Cooley's Motion to Strike or Otherwise Deny Plaintiff's Motion for Discovery (Doc. 32) is moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Extension of Time (Doc. 22) to File an Amended Complaint is GRANTED.**

2) **Plaintiff's Motions for Leave to File an Amended Complaint (Doc. 23), Counsel (Doc. 30), and Discovery (Doc. 31) are DENIED.**

3) **Defendant Cooley's Motion to Substitute Attorney (Doc. 25) is GRANTED. The Court DIRECTS the Clerk of the Court to terminate Assistant Attorney General Jennifer Powell as attorney of record for Cooley.**

4) **Defendant Colley's Motion to Stay Answer (Doc. 27) is DENIED. Cooley's Answer to Plaintiff's Complaint (Doc. 1) is due by September 11, 2026.**

5) **Defendant Cooley's Motion to Strike or Otherwise Deny Plaintiff's Motion for Discovery (Doc. 32) is MOOT.**

ENTERED August 24, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE